Richard A. Williams, Minneapolis, for appellants.

Stephen D. Morrison, Minneapolis, for Banco Mtg. Co., et al.

Ronald S. LARSON, et al.,
Respondents,

v.

URBAN UNIT CORPORATION, etc., et al., Appellants,

Banco Mortgage Company, et al.,
Respondents.

No. C8–84–630.

Court of Appeals of Minnesota.

Jan. 15, 1985.

Heard, considered and decided by FORSBERG, P.J., and SEDGWICK and LANSING, JJ.

### OPINION

SEDGWICK, Judge.

This appeal is from a judgment for damages for faulty construction of basement walls. Appellants allege respondents failed to mitigate their damage. We affirm.

### FACTS

In 1979 respondents Ronald and Cynthia Larson contracted to purchase a home from appellants, Urban Unit Corporation and Mark Charles Builders.

A city building inspector inspected the house in question and issued a citation ordering the builders to repair the basement walls before the Larsons purchased the home. The builders immediately patched the cracks. The Larsons purchased the house and moved in without knowledge of the issuance of the citation by the city building inspector.

Within months the basement walls cracked again. Respondents contacted the city building inspector who again issued a citation ordering the builders to inspect the basement walls.

The builders failed to do so and this action commenced. Pending trial, appellants did nothing to remedy the problems. In an attempt to keep water from running into the basement, respondents graded all four sides of the house so it would slope away from the house.

An independent expert testified the house was built below the standard of workmanship in the community. He testified that the minimum cost to correct the defective foundation would be $15,300.

An experienced architect inspected the house and testified that the cost of fixing numerous other defects in the house, apart from the defective foundation, would be $9,850.

Appellant's own expert admits that the basement problems resulted from a defect in construction and there was nothing respondents could have physically done to cause the basement problems to worsen.

The trial court found the defects were "major construction defects" within the meaning of Minn.Stat. § 327A.01, subd. 5, and a breach of the limited warranty. The court assessed $15,000 against appellants for the defective foundation and $500 for all other defects.

### ISSUE

Does the evidence sustain the trial court's $15,500 assessment of damages?

### ANALYSIS

Appellants claim the evidence does not sustain the damage award because the Larsons failed to mitigate their damages. The Larsons did grade all four sides of the property so it would slope away from the house.

In *Marshall v. Marvin H. Anderson Construction, Co.*, 283 Minn. 320, 167 N.W.2d 724 (1969), the construction company argued that the damage award should not be upheld because the plaintiffs made no attempt to mitigate damages. In upholding the damage award, the court noted that the homeowners did attempt to mitigate their damages by regarding and landscaping their yard and laying sod. The court said, "It was for the jury under the charge and the evidence submitted to consider mitigation of damages and to apply its judgment on that issue." *Id.* at 329, 167 N.W.2d at 730.

Here, the judge heard all the evidence, had an opportunity to observe the witnesses, and resolved the issue in favor of the Larsons.

The trial court's findings shall not be set aside unless clearly erroneous. Minn.R. Civ.P. 52. Viewing the evidence in a light most favorable to the judgment, there is sufficient evidence that $15,500 is well within the range of estimates put in evidence.

### DECISION

We affirm the trial court. Respondent's request for attorney fees pursuant to Minn. Stat. § 549.21 (1982) is denied.